UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERAUD DARNIS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Civil Action No. 3:20-cv-1171-VLB |
| | ) |
| RAYTHEON TECHNOLOGIES CORPORATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### RAYTHEON DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

Defendants Raytheon Technologies Corporation, Lloyd J. Austin III, Diane M. Bryant, Gregory J. Hayes, Ellen J. Kullman, Marshall O. Larsen, Robert K. Ortberg, Margaret L. O'Sullivan, Denise L. Ramos, Frederic G. Reynolds, Brian C. Rogers, United Technologies Corporation Long-Term Incentive Plan, United Technologies Corporation 2018 Long-Term Incentive Compensation Plan, United Technologies Corporation Savings Restoration Plan, United Technologies Corporation Performance Share Unit Deferral Plan, United Technologies Corporation Deferred Compensation Plan, and United Technologies Corporation Company Automatic Contribution Excess Plan (the "Raytheon Defendants") move to dismiss the claims asserted against them in the Class Action Complaint in the above-captioned action (Dkt. No. 1) for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

For the reasons explained in more detail in the accompanying Memorandum of Law:

**ORAL ARGUMENT REQUESTED**

(i) the claim for breach of contract in Count I should be dismissed because the plaintiffs have failed to plead that the Raytheon Defendants breached an obligation imposed by the contracts at issue;

(ii) the United Technologies Corporation Long-Term Incentive Plan and the United Technologies Corporation 2018 Long-Term Incentive Compensation Plan should be dismissed as defendants because the Complaint alleges that they are contracts, not legal entities capable of being sued or breaching a contract;

(iii) the claim for breach of the implied covenant of good faith and fair dealing in Count II should be dismissed because the plaintiffs have failed to plead that the defendants exercised their discretion unreasonably or in bad faith;

(iv) the claim for breach of fiduciary duty in Count III should be dismissed because the plaintiffs have failed to plead that any fiduciary duty existed under the contracts at issue and because the fiduciary duty claim is duplicative of plaintiffs' contractual claims in Counts I and II; and

(v) the claims under the Employee Retirement Income Security Act ("ERISA") in Counts IV and V should be dismissed because the plaintiffs lack standing under that statute to assert claims relating to two of the four plans at issue; plaintiffs have failed to plead that they exhausted their administrative remedies before bringing suit; and Count V fails to state a claim under § 502(a)(3) of ERISA because it seeks relief that is legal, not equitable.

| | |
|---|---|
| Dated:  November 20, 2020 | Respectfully submitted, |
| **WACHTELL, LIPTON, ROSEN & KATZ** | **WIGGIN AND DANA LLP** |
| | By: /s/ Jonathan M. Freiman |
| **William Savitt*** | Jonathan M. Freiman (ct24248) |
| **Graham W. Meli*** | Joseph C. Merschman  (ct27896) |
| **Michael A. Nance*** | One Century Tower |
| **Alexandra Sadinsky*** | 265 Church Street |
| 51 West 52nd Street | PO Box 1832 |
| New York, New York  10019 | New Haven, Connecticut  06508-1832 |
| (212) 403-1000 | (203) 498-4400 |
| WDSavitt@wlrk.com | JFreiman@wiggin.com |
| GWMeli@wlrk.com | JMerschman@wiggin.com |
| MANance@wlrk.com | |
| APSadinsky@wlrk.com | |

\* *Pro hac vice* pending

*Counsel for Raytheon Technologies Corporation, Lloyd J. Austin III, Diane M. Bryant, Gregory J. Hayes, Ellen J. Kullman, Marshall O. Larsen, Robert K. Ortberg, Margaret L. O'Sullivan, Denise L. Ramos, Fredric G. Reynolds, Brian C. Rogers, United Technologies Corporation Long-Term Incentive Plan, United Technologies Corporation 2018 Long-Term Incentive Compensation Plan, United Technologies Corporation Savings Restoration Plan, United Technologies Corporation Performance Share Unit Deferral Plan, United Technologies Corporation Deferred Compensation Plan, and United Technologies Corporation Company Automatic Contribution Excess Plan*