UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERAUD DARNIS, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>RAYTHEON TECHNOLOGIES CORPORATION, *et al.*,<br><br>Defendants. | Case No. 3:20-cv-1171 (VLB)<br><br><br><br><br><br>NOVEMBER 20, 2020 |

**THE CARRIER DEFENDANTS'**
**MOTION TO DISMISS THE CLASS ACTION COMPLAINT**

Defendants Carrier Global Corporation ("Carrier"), the Carrier Global Corporation 2020 Long-Term Incentive Plan ("Carrier 2020 LTIP"), the Carrier Global Corporation Savings Restoration Plan, the Carrier Global Corporation LTIP Performance Share Unit Deferral Plan, the Carrier Global Corporation Deferred Compensation Plan, the Carrier Global Corporation Company Automatic Contribution Excess Plan ("Carrier CACEP"), John V. Faraci, Jean-Pierre Garnier, David Gitlin, John J. Greisch, Charles M. Holley Jr., Michael M. McNamara, Michael A. Todman, and Virginia M. Wilson (collectively, the "Carrier Defendants") move to dismiss the claims asserted against them in the Class Action Complaint (Dkt. No. 1) (the "Complaint").

The motion is brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted as to all of the Carrier Defendants; pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction as to five of the Carrier Defendants

**ORAL ARGUMENT REQUESTED**

who are named as Defendants only in Count VI of the Complaint; and on the basis of *forum non conveniens* as to Count VI of the Complaint.

In support of the motion, the Carrier Defendants are relying upon the accompanying Declaration of Mark Thompson and the exhibits attached thereto, and the accompanying Memorandum of Law.

As set forth in the accompanying Memorandum of Law:

(i)   The claim for breach of contract in Count I should be dismissed because Plaintiffs have failed to plead that any defendant breached any express contractual obligation, and because Carrier and the Carrier LTIP are not parties to the UTC LTIPs, which are the contracts alleged to have been breached;

(ii)   The Carrier 2020 LTIP should be dismissed as a defendant because Plaintiffs have alleged that it is a contract, not a legal entity capable of being sued;

(iii)   The claim for breach of the implied covenant of good faith and fair dealing asserted in Count II should be dismissed because Plaintiffs have failed to meet the high standard for pleading such a claim; the claim is entirely duplicative of the claim for breach of contract in Count I; and because Carrier and the Carrier LTIP are not parties to the UTC LTIPs and Plaintiffs are not third-party beneficiaries to the Employee Matters Agreement;

(iv)   The claim for the breach of fiduciary duty in Count III and claim under the Employee Retirement Income Security Act ("ERISA") in Count V should be dismissed because no fiduciary duty existed under the UTC LTIPs, the fiduciary duty claim is duplicative of Plaintiffs' breach contract claim in Count I, Plaintiffs

have not adequately alleged any non-exculpated claim for relief, Plaintiffs have not exhausted their administrative remedies, and relief that Plaintiffs seek under Count V is not the type of relief that courts have permitted under this section of ERISA;

(v) The Carrier CACEP should be dismissed as a defendant because no Plaintiff has alleged that he or she is a participant in that plan;

(vi) The ERISA claim asserted in Counts IV and V should be dismissed because Plaintiffs have failed to exhaust administrative remedies and the Carrier ERISA Plans did not devise the conversion formula for the UTC ERISA Plans;

(vii) The claim for breach of fiduciary duty in Count VI should be dismissed as to five Carrier defendants because they are not Connecticut residents and the Court lacks personal jurisdiction over them; and should be dismissed as to all of the Carrier defendants because: Carrier's directors have no fiduciary duties to Plaintiffs, who are former UTC employees; and no fiduciary duty is owed to non-shareholder employees under Delaware law. In the alternative, if Plaintiffs contend that the breaches are directed to the company or stockholders (they are not), Count VI should nonetheless be dismissed because: the Delaware courts are the exclusive jurisdiction for the adjudication of breach of fiduciary duty claims against Carrier's directors; and Plaintiffs have failed to allege any non-exculpated claim for relief against any of the Carrier Defendants.

**Respectfully submitted,**

**LAW OFFICES OF GARRETT S. FLYNN, LLC**

**By      */s/ Garrett S. Flynn*
       Garrett S. Flynn (#ct22071)
10 North Main Street, Suite 221
West Hartford, CT  06107
(860) 676-3148
gsf@flynn-law.com**

**Of counsel:**

**PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
Theodore V. Wells Jr. (***pro hac vice***
pending)
Daniel J. Kramer (***pro hac vice*** pending)
Audra J. Soloway (***pro hac vice*** pending)
Robert N. Kravitz (***pro hac vice*** pending)
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3000
twells@paulweiss.com
dkramer@paulweiss.com
asoloway@paulweiss.com
rkravitz@paulweiss.com**

*Attorneys for Defendants Carrier Global Corporation, Carrier Global Corporation 2020 Long-Term Incentive Plan, Carrier Global Corporation Savings Restoration Plan, Carrier Global Corporation LTIP Performance Share Unit Deferral Plan, Carrier Global Corporation Deferred Compensation Plan, Carrier Global Corporation Company Automatic Contribution Excess Plan, John V. Faraci, Jean-Pierre Garnier, David Gitlin, John J. Greisch, Charles M. Holley Jr., Michael M. McNamara, Michael A. Todman, and Virginia M. Wilson*

## CERTIFICATE OF SERVICE

I hereby certify that, on November 20, 2020, a copy of the foregoing Motion to Dismiss the Class Action Complaint was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

*/s/ Garrett S. Flynn*